UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Ralph Holder</u>

    v.                               Civil No. 06-cv-162-JD

<u>Patricia Frim and</u>
<u>State of New Hampshire</u>


O R D E R

Ralph Holder, who is proceeding pro se, seeks injunctive and declaratory relief against the State of New Hampshire and Patricia Frim, who served as the guardian ad litem in Holder's divorce and custody proceedings, <u>In the Matter of Maria Holder and Ralph Holder</u>, 2002-M-0032, 2002-M-0372, 2002-M-0107 (Family Division).[1]  Holder's claims, based on federal and state law, challenge those proceedings, the state court's decisions in those proceedings, and Frim's recommendations that were implemented by the court.  Frim moves to dismiss the claims against her based on the <u>Rooker-Feldman</u> doctrine,[2] res judicata, and immunity.  Holder objects to Frim's motion.

---

[1] Holder states that he intends to bring a separate civil rights suit under 42 U.S.C. § 1983 against the same parties.

[2] <u>See</u> <u>Lance v. Dennis</u>, 126 S. Ct. 1198, 1120 (U.S. 2006) (citing <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983) and <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 416 (1923) as source of <u>Rooker-Feldman</u> doctrine).

Standard of Review

Because Frim has filed an answer, her motion to dismiss, which is apparently brought pursuant to Federal Rule of Civil Procedure 12(b), is technically too late.  See Beebe v. Williams Coll., 430 F. Supp. 2d 18, 21 (D. Mass. 2006).  Nevertheless, Frim's motion may be considered under Federal Rule of Civil Procedure 12(c) as a motion for judgment on the pleadings.  See id.; see also Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 124 (2d Cir. 2001).  A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss.  Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005).

When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor."  Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'"  Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).  "[C]ourts hold pro se pleadings to

less demanding standards than those drafted by lawyers." <u>Boivin v. Black</u>, 225 F.3d 36, 43 (1st Cir. 2000) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam)). "However, pro se status does not insulate a party from complying with procedural and substantive law." <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997).

## Discussion

Holder contends that the State of New Hampshire and Frim discriminated against him, based on his race, in denying him access to Frim's file during the divorce and custody proceedings and in recommending and ordering that his son attend school in Haverhill, Massachusetts. Holder also contends that the state, through the family court, "prejudiced his rights" by forcing him to represent himself in the divorce and custody proceedings. He alleges that Frim violated his right to religious freedom by recommending that he and his ex-wife attend parenting counseling with a minister who knew his ex-wife. He alleges that the defendants violated his right to privacy by gaining access to personal and confidential information about him. He also alleges generally that the defendants' actions in the divorce and custody proceedings violated his rights to equal protection and due

process.[3]  In addition to his federal constitutional claims, Holder also charges a civil conspiracy to defraud him, breach of contract, and unethical conduct by Frim.  Holder requests injunctive and declaratory relief.[4]

Frim moves to dismiss Holder's case on the grounds that the court lacks jurisdiction under the Rooker-Feldman doctrine, that his claims are barred by res judicata, and that she is entitled to absolute quasi-judicial immunity and absolute witness immunity.  Holder objects to Frim's motion.

A.  Rooker-Feldman Doctrine

Because application of the Rooker-Feldman doctrine can affect this court's jurisdiction, that issue presents a threshold question.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544

---

[3]Many of Holder's claims pertain to rights allegedly denied to his son due to the court's decisions.  Andre Holder is not a party in this case, and is a minor.  Ralph Holder, who is proceeding pro se and is apparently not a lawyer, cannot litigate claims on his son's behalf in this case.  See Myers v. Loudon County Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) (citing cases).

[4]The only relief that appears to be directed at Frim is a request that Frim be ordered to immediately surrender to Holder her full files pertaining to Andre and a request that the New Hampshire Attorney General be ordered to conduct a criminal investigation into Holder's allegations that Frim conspired to deprive Holder and his son of their federal and state constitutional rights.

U.S. 280, 291-92 (2005) (discussing jurisdictional implications of Rooker-Feldman); Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998) (prohibiting hypothetical jurisdiction); see also In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 66 n.1 (1st Cir. 2002).  "[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."  Lance, 126 S. Ct. at 1201.  The Rooker-Feldman doctrine, therefore, applies in "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Id. (quoting Exxon Mobil, 544 U.S. at 284).

 Ralph and Maria Holder, who are parents of Tiffany and Andre, separated in December of 2001 and began divorce proceedings in 2002 in the Family Division at Brentwood of the Rockingham Superior Court, which is part of the New Hampshire court system.  Patricia Frim was appointed guardian ad litem on February 13, 2003.  A final divorce decree was approved by the court on August 5, 2003.  Ralph Holder moved for reconsideration, for rehearing, and to stay implementation of the requirement in the decree that Andre attend school in Haverhill, Massachusetts.  He also moved to compel Frim to disclose her case file to him,

which was denied, and to remove her from the case, which was denied as moot.  The New Hampshire Supreme Court declined Holder's appeal on those matters.

Post-decree issues arose, and eventually the case was transferred to the Family Division at Derry after the marital master in Brentwood recused herself.  <u>In the Matter of Maria L. Holder and Ralph E. Holder</u>, 04-M-107.  The decree was modified on March 10, 2005, changing the custody arrangements.

Frim contends that the <u>Rooker-Feldman</u> doctrine bars Holder's claims based on her refusal to provide her entire file to him, her recommendation that Holder's son, Andre, attend school in Haverhill, Massachusetts, and her recommendation that Holder and his ex-wife attend parenting counseling with Dr. Arthur Hilson.  Through copies of filings and decisions in the divorce and custody proceedings, Frim demonstrates that Holder requested access to her file in those proceedings, which was not allowed, and challenged her recommendations, which the court approved over Holder's objection.[5]  The New Hampshire Supreme Court declined Holder's appeal on those issues on November 21, 2003.  Holder

---

[5]In considering a motion for judgment on the pleadings, the court may also consider the court documents submitted by Frim, which Holder does not dispute.  <u>See</u> <u>Coyne v. Cronin</u>, 386 F.3d 280, 286 (1st Cir. 2004); <u>Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 267 F.3d 30, 33 (1st Cir. 2001).

6

raised some of the same issues in the renewed custody proceedings, In the Matter of Maria Holder and Ralph Holder, 2004-M-0372, which were resolved against him, and the family court's decision was affirmed on appeal on September 27, 2005.

Based on that procedural history, it appears that the Rooker-Feldman doctrine bars this court's jurisdiction as to Holder's claims pertaining to access to Frim's file and Frim's recommendations made in the course of the divorce and custody proceedings. Given the prolix nature of Holder's pleading, however, it is unclear whether his claims here are limited to the issues that were decided against him in the state courts.

B. Res Judicata

Frim also contends that Holder's claims against her are res judicata based on the state court judgments.[6] Under New Hampshire law, "[t]he essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action." Berthiaume v. McCormack, 891 A.2d

---

[6] In her reply, Frim also asserts the res judicata effect of Holder's action in this court, Holder v. New Hampshire, et al., 04-cv-189-M (D.N.H. May 20, 2004). Because that ground for dismissal was not raised in Frim's motion or in Holder's objection, the court will not consider it here. See LR 7.1(e)(1).

539, 551 (N.H. 2006). Therefore, "[t]he doctrine precludes litigation in a later case of matters actually litigated, and matters that could have been litigated, in the earlier action." Torromeo v. Town of Fremont, N.H., 438 F.3d 113, 116 (1st Cir. 2006). "For res judicata to apply, three elements must be satisfied:  (1) the parties must be the same or in privity with one another; (2) the same cause of action must be before the court in both instances; and (3) a final judgment on the merits must have been rendered in the first action." Id.

The res judicata doctrine applies to bar the same claims as the Rooker-Feldman doctrine.

C. Immunity

Frim also contends that Holder's claims against her must be dismissed because she is entitled to absolute quasi-judicial immunity as to her actions as a guardian-ad-litem and to absolute witness immunity. "The doctrine of quasi-judicial immunity has long been recognized in [New Hampshire], and has been explained as the rule of public policy which protects judicial officers and those exercising judicial functions . . . from liability in actions of tort for wrongs committed by them when acting in that capacity." Shargal v. N.H. Bd. of Psychologists, 135 N.H. 242, 245 (1992) (internal quotation marks and citations omitted).  A

8

guardian ad litem is an impartial court official appointed by the court to represent the best interests of the child.  See Ross v. Gadwah, 131 N.H. 391, 394 (1988).  As a quasi-judicial officer, a guardian ad litem is entitled to quasi-judicial immunity when performing the function of her office.  See Cok v. Cosentino, 876 F.2d 1, 3 (1st Cir. 1989).  Quasi-judicial immunity applies regardless of the guardian ad litem's motives or whether her decisions are right or wrong.  See id.; see also Gould v. Dir., N.H. Div. of Motor Vehicles, 138 N.H. 343, 346 (1994).

Holder's allegations against Frim all arise from her official actions as guardian ad litem during the divorce and custody proceedings.  Because she is protected by absolute quasi-judicial immunity against any liability arising from those actions, Holder's claims against Frim are barred and must be dismissed.  It is therefore not necessary to consider the effect of absolute witness immunity.

## Conclusion

For the foregoing reasons, the plaintiff's motion to dismiss (document no. 14) is granted.  Judgment on the pleadings is granted as to all claims against Patricia A. Frim.

Before Ralph Holder files any additional legal actions

9

arising from the divorce and custody proceedings that are the subject of this suit, he should carefully consider the resources he is expending to bring and maintain such actions, the state court's negative evaluation of his litigiousness, and his lack of success in the actions he has filed.

    SO ORDERED.

                                              /s/ Joseph A. DiClerico, Jr.
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

August 1, 2006

cc:   Ralph Holder, pro se
       Christopher D. Hawkins, Esquire
       Andrew B. Livernois, Esquire