UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Ralph Holder

    v.                              Civil No. 06-cv-162-JD

Patricia Frim and
State of New Hampshire


O R D E R

Ralph Holder, who is proceeding pro se, seeks injunctive and declaratory relief under 42 U.S.C. § 1983 from the State of New Hampshire on claims that challenge the constitutionality of state divorce and custody proceedings. His claims against Patricia Frim were dismissed on August 1, 2006, and Holder moves for reconsideration of that decision. The state moves to dismiss the claims against it.


I. Motion for Reconsideration

Patricia Frim, who served as the guardian ad litem during Holder's divorce and custody proceedings, moved to dismiss his claims against her on grounds of the Rooker-Feldman doctrine, res judicata, and immunity. The court granted the motion based on three of the four grounds she raised. Holder moves for reconsideration, contending that the court misconstrued the facts underlying his claims and misapplied the law.

The court has reviewed Holder's motion and memorandum of law, Frim's objection, and the court's order dismissing the claims against Frim.  Holder's motion and memorandum merely restate his disagreement with the state court system and those who participated in his divorce and custody proceedings.  For the reasons stated in the court's order issued on August 1, 2006, Holder's motion for reconsideration is denied.

II.  <u>Motion to Dismiss</u>

In his complaint, Holder challenges the actions and rulings in his divorce and custody proceedings in state court.  He finds fault with the guardian ad litem's role in the proceedings and her recommendations which were implemented by the court.  He also criticizes Marital Master Harriet J. Fishman who presided over the first state court proceedings and accuses her of racial bias and unethical conduct.  He asserts that Frim and "the Family Court Division have repeatedly violated the petitioner's lawfully protected state and federal constitutional rights to Due process [sic] and the Equal Protection Clauses."  Compl. ¶ 24.  He further alleges that the court delayed granting a modification of the custody order, that New Hampshire Judge Lewis "sought to criminalize his exercise of his constitutional rights," that the "State of New Hampshire Judicial Conduct and Attorney Discipline

Committee acted in complicity with [Frim's] criminal violations of the law," and that the state court repeatedly denied his motions and refused to remove Frim.  He faults the state courts for favoring mothers in custody proceedings and for refusing to set limits on "Family Court Judges and Marital Masters."  He states that his First, Fourth, Fifth, Ninth, and Fourteenth Amendment rights were violated by Frim, Judge Gerald Taube, Marital Master Fishman, Arthur Hilson, and "unidentified others."  He also contends that the custody orders were racially discriminatory.  Holder seeks only unspecified injunctive and declaratory relief.

    Holder filed a proposed order with his complaint in which he lists a variety of remedies, including injunctions against the Family Court Division to prevent transfer of minority students to other school districts based on race, to require the court and Frim to give him Frim's evaluation files from the state court proceedings, and to require all child custody decisions not to be based on race or to prefer the religion of one parent.  He also proposes injunctions to require the state to comply with the Civil Rights Act of 1964, to preclude use of guardians ad litem in custody proceedings, to grant parents the right to legal counsel in custody proceedings, and to require a criminal investigation of Frim.

Despite mention in the complaint and proposed order of other potential parties, the only defendants in this suit were Frim and the State of New Hampshire. All claims against Frim have been dismissed. Therefore, only claims against the state remain. Section 1983, however, provides no remedy against a state sued directly. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 69 (1997).

In addition, all of the custody issues of which Holder complains and which are the bases of Holder's claims here have been resolved in the state courts. He has not alleged any current state court proceedings involving him. Because Holder no longer has any personal stake in the outcome of the issues he raises, there is no actual case or controversy for the court to decide. See <u>Pagan v. Calderon</u>, 448 F.3d 16, 27 (1st Cir. 2006); <u>Barstow v. Shea</u>, 196 F. Supp. 2d 141, 146 (D. Conn. 2002). In the absence of an actual case or controversy, this court lacks jurisdiction to consider these claims. Therefore, the remaining claims against the state are dismissed for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the State of New Hampshire's motion to dismiss (document no. 30) is granted. The plaintiff's objection to the magistrate judge's ruling on his motion to

compel (document no. 26) has been considered under Federal Rule of Civil Procedure 72(a), and no modification of the magistrate judge's ruling is appropriate.  The plaintiff's motion for reconsideration (document no. 31) is denied.

Patricia Frim's motion to consolidate (document no. 27) is terminated as moot.

The clerk of court shall enter judgment in accordance with this order and the order issued on August 1, 2006, and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 6, 2006

cc:  Christopher D. Hawkins, Esquire
     Andrew B. Livernois, Esquire
     Ralph Holder, pro se